4-21-2014
2:25
D.R

| AOC-105 Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Case No. 14-CI-00068<br>Court ☑ Circuit ☐ District<br>County Powell |
|---|---|---|

**PLAINTIFF**

JUANITA BRANDENBURG

**VS.**

**DEFENDANT**

STANTON HEALTH FACILITIES, L.P.

d/b/a STANTON NURSING AND REHABILITATION CENTER

**Service of Process Agent for Defendant:**

NATIONAL REGISTERED AGENTS, INC.

306 WEST MAIN STREET

STE. 512

FRANKFORT Kentucky 40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: April 21, 2014 ______ Clerk

By: ______ D.C.

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

______

this _____ day of ______________, 2______.

Served by: ______________

______________ Title

COMMONWEALTH OF KENTUCKY
POWELL CIRCUIT COURT
CIVIL ACTION NO. 14-CI-00108

JUANITA BRANDENBURG PLAINTIFF

v. **COMPLAINT**

STANTON HEALTH FACILITIES, L.P., d/b/a
STANTON NURSING AND REHABILITATION CENTER DEFENDANT

Serve via Franklin County Sheriff:

National Registered Agents, Inc.
306 W. Main Street, Suite 512
Frankfort, Kentucky 40601

**Pursuant to KRS 367.220(2), the Clerk Must Mail a Copy of this Complaint to the Kentucky Attorney General at:**

Consumer Protection
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601

***********

Comes the Plaintiff, Juanita Brandenburg ("Plaintiff"), by counsel, and for her Complaint against Stanton Health Facilities, L.P., d/b/a Stanton Nursing and Rehabilitation Center ("Defendant Nursing Home"), states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an individual who is a resident of Powell County, Kentucky, who is currently a resident-patient at the Wolfe County Nursing Home, which is located at 838 KY 191, Steele Hollow Road, Campton, Kentucky 41201.

2. Defendant Nursing Home is a foreign limited partnership, who is in good standing with the Kentucky Secretary of State, with a principal office located at 5420 W. Plano Parkway, Plano, Texas 75093.

3. Defendant Nursing Home's registered agent is National Registered Agents, Inc., which is located at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

4. Defendant Nursing Home does business as Stanton Nursing and Rehabilitation Center, which business is located at 31 Derickson Lane, Stanton, Kentucky 40380.

5. Defendant Nursing Home is a for-profit nursing facility that provides 24 hour care to elderly residents who suffer from physical injuries and/or mental infirmities.

6. Venue and jurisdiction are proper in this Court because Defendant Nursing Home operates a business in Powell County, it has enjoyed economic benefits from that business and the acts complained of herein occurred entirely in Powell County.

7. The amount in controversy exceeds the jurisdictional amount of this Court.

FACTUAL ALLEGATIONS

8. Plaintiff was a resident of Defendant Nursing Home from May 29, 2012, until March 22, 2014.

9. Immediately prior to her admission to Defendant Nursing Home, Plaintiff was diagnosed with Alzheimer's disease and was unable to properly care for herself.

10. As a result of her incompetency, Plaintiff relied upon Defendant Nursing Home to provide her with, among other things, full medical, nursing, dietary and hygienic care, treatment and attention.

11. While under Defendant Nursing Home's care and custody, Plaintiff's physical, mental, nutritional, and hygienic state deteriorated beyond that expected by advancing age.

12. Plaintiff lost sixteen (16) pounds in six (6) months due to Defendant Nursing Home's failure to care for Plaintiff's dietary needs.

13. Defendant Nursing Home would take Plaintiff's meals away from her before she had eaten her food thereby denying her proper nutrition.

14. Defendant Nursing Home failed to properly care for or treat Plaintiff's teeth and gums, which failure caused her gums to become diseased and severely bleed whenever her teeth were brushed.

15. Plaintiff, at all relevant times, was incontinent, and Defendant Nursing Home, on numerous occasions, left Plaintiff, for an extended period of time in a pool of her own urine and feces, causing pressure ulcers to develop on her body, including her buttocks.

16. Defendant Nursing Home failed to properly care for or treat Plaintiff's feet, which failure caused pressure ulcers to develop on Plaintiff's feet.

17. Defendant Nursing Home failed to properly cleanse or care for Plaintiff's skin, which failures caused Plaintiff to develop eschars on her body, including underneath her breast.

18. Defendant Nursing Home failed to provide proper nutrition to Plaintiff, which failure caused Plaintiff's blood sugar to frequently remain low.

19. Defendant Nursing Home failed to provide proper hydration to Plaintiff, which failure caused Plaintiff to suffer from dehydration.

20. Plaintiff was, many times, left in her bed wearing nothing but her adult diaper and otherwise unsuitably clothed.

21. Defendant Nursing Home failed to properly administer Plaintiff's medications, which failures led Plaintiff to suffer medical problems.

22. Defendant Nursing Home failed to diagnose or treat Plaintiff's heart murmur, which should have been detected by simply using a stethoscope.

23.     Defendant Nursing Home failed to diagnose or treat Plaintiff's leaky heart valve, which should have been detected by simply using a stethoscope.

24.     Prior to being admitted at Defendant Nursing Home, Plaintiff did not suffer from any heart conditions.

25.     As a result of Defendant Nursing Home's improper care, Plaintiff developed these heart conditions and/or the conditions became exacerbated.

26.     While under the care of Defendant Nursing Home, Plaintiff suffered from multiple urinary tract infections, which went untreated by Defendant Nursing Home.

27.     While under the care of Defendant Nursing Home, Plaintiff suffered from sepsis, which went untreated by Defendant Nursing Home.

28.     Plaintiff's family members repeatedly brought these suspected urinary tract infections and infirmities to Defendant Nursing Home's attention, but Defendant Nursing Home failed to provide proper care and assistance in either addressing or caring for these infections.

29.     As a result of Defendant Nursing Home's failure to properly address Plaintiff's medical conditions, Plaintiff's medical condition greatly deteriorated and she nearly died.

30.     As a result of Defendant Nursing Home's failure to properly address Plaintiff's medical condition, Powell County Ambulance Service was called to pick-up Plaintiff and take her to the hospital.

31.     When the EMT's from Powell County Ambulance Service arrived to treat Plaintiff and take her to Clark Regional, Defendant Nursing Home failed to provide any assistance to the EMT's and were otherwise uncooperative.

32.     When the EMT's arrived at Defendant Nursing Home to pick-up Plaintiff, Defendant Nursing Home failed to clear a path to allow the EMT's to get access to Plaintiff.

33. When the EMT's arrived at Defendant Nursing Home, none of the Defendant Nursing Home staff were caring for the Plaintiff.

34. When the EMT's arrived at Defendant Nursing Home to pick-up Plaintiff, the nurses failed to provide any diagnostic information regarding Plaintiff's condition or otherwise help the EMT's in caring for Plaintiff.

35. While in the ambulance, Plaintiff had to be administered multiple electronic shocks to her heart because her heart was beating at only 30 beats per minute and she was on the verge of death.

36. As a result of Plaintiff's dire medical condition, the EMT's took her to an airfield to be airlifted to the University of Kentucky Hospital ("UK Hospital").

37. UK Hospital diagnosed Plaintiff with, among other things, two (2) different bacterial infections, sepsis, pressure ulcers, eschar, bradycardia, heart murmur and a leaky heart valve.

38. Defendant Nursing Home failed to provide the proper care in diagnosing these conditions.

39. Defendant Nursing Home failed to provide the proper care in treating these conditions.

40. As a result of Defendant Nursing Home's failures, Plaintiff nearly died on several occasions.

41. UK Hospital had to resuscitate Plaintiff after her heart stopped beating for fifteen (15) seconds.

42. Plaintiff spent several days in the intensive care unit at UK Hospital and several days at Good Samaritan.

43. After being transported from UK Hospital to the Wolfe County Nursing Home, Plaintiff continued to suffer from the conditions diagnosed and treated by UK Hospital and which Defendant Nursing Home failed to diagnose or treat.

44. After being admitted at Wolf County Nursing Home, Plaintiff had to be taken to the Kentucky River Medical Center in Jackson, Kentucky, on multiple occasions for additional treatment due to Plaintiff's infections which were not properly diagnosed or treated at Defendant Nursing Home.

45. As a result of Plaintiff's heart suffering irreversible damage due to Defendant Nursing Home's failures to properly care for Plaintiff, Kentucky River Medical Center installed an emergency pacemaker in Plaintiff after her heart began beating at only twenty (20) beats per minute.

46. As a result of Plaintiff's heart suffering irreversible damage due to Defendant Nursing Home's failures to properly care for Plaintiff, Kentucky River Medical Center subsequently installed a permanent pacemaker.

47. Due to the wrongful conduct of the Defendant Nursing Home, Plaintiff suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, including, but not limited to, malnutrition, diseased teeth and gums, pressure ulcers, eschars, urinary tract infections, sepsis, bradycardia, heart murmur, a leaky heart valve and having to endure being administered numerous electric shocks to her body.

48. Due to Defendant Nursing Home's wrongful conduct, Plaintiff also suffered loss of dignity, degradation, pain and suffering (both past and present), emotional distress, hospitalization

**CAUSES OF ACTION**

**COUNT I**

NEGLIGENCE

49. Plaintiff affirms and re-alleges each and every preceding paragraph.

50. Defendant Nursing Home owed Plaintiff the duties to provide her with proper care, including medical, nursing, dietary and hygienic.

51. Defendant Nursing Home breached those duties by failing to provide proper medical, dietary or hygienic care, by, among other things, allowing Plaintiff to lay in her own urine and feces, not properly changing Plaintiff's bed sheets and diapers, allowing Plaintiff to develop pressure ulcers and eschars, failing to notice or treat her heart conditions, failing to notice or treat her urinary tract infections, failing to notice or treat her sepsis, failing to put suitable clothing on her, failing to provide her with proper medical and nursing care which nearly led to her death, leaving her in hallways overnight while she sits in a pool of her own urine, failing to ensure Plaintiff was being properly fed, taking Plaintiff's food away before she could complete her meals, failing to care for her medicinal needs and failing to take care of her gums and teeth.

52. As a result of Defendant Nursing Home's breaches of the standard of care, Plaintiff suffered compensable injuries, including bodily injuries, pain and suffering, future pain and suffering, emotional distress, loss of dignity and degradation.

**COUNT II**

VIOLATIONS OF KRS 216.515

53. Plaintiff affirms and re-alleges each and every preceding paragraph.

54. Defendant Nursing Home owed Plaintiff affirmative duties under KRS 216.515.

55. Defendant Nursing Home breached these duties by, among other things, allowing Plaintiff to lay in her own urine and feces, not properly changing Plaintiff's bed sheets and

diapers, allowing Plaintiff to develop pressure ulcers and eschars, failing to notice or treat her heart conditions, failing to notice or treat her urinary tract infections, failing to notice or treat her sepsis, failing to put suitable clothing on her, failing to provide her with proper medical and nursing care which nearly led to her death, leaving her in hallways overnight while she sits in a pool of her own urine, failing to ensure Plaintiff was being properly fed, taking Plaintiff's food away before she could complete her meals, failing to care for her medicinal needs and failing to take care of her gums and teeth.

56. Defendant Nursing Home breached these duties by subjecting Plaintiff to abuse and neglect, by, among other things, allowing Plaintiff to lay in her own urine and feces, not properly changing Plaintiff's bed sheets and diapers, allowing Plaintiff to develop pressure ulcers and eschars, failing to notice or treat her heart conditions, failing to notice or treat her urinary tract infections, failing to notice or treat her sepsis, failing to put suitable clothing on her, failing to provide her with proper medical and nursing care which nearly led to her death, leaving her in hallways overnight while she sits in a pool of her own urine, failing to ensure Plaintiff was being properly fed, taking Plaintiff's food away before she could complete her meals, failing to care for her medicinal needs and failing to take care of her gums and teeth.

57. Defendant Nursing Home breached these duties by failing to have Plaintiff suitably dressed in a dignified and respectful manner.

58. Defendant breached these duties by failing to have an adequate and appropriate resident care plan developed, implemented and updated to meet Plaintiff's needs.

59. As a result of Defendant Nursing Home's breaches of KRS 216.515, Plaintiff suffered compensable injuries, including bodily injuries, pain and suffering, future pain and suffering, emotional distress, loss of dignity, degradation and hospitalizations.

60. As a result of Defendant Nursing Home's breaches of KRS 216.515, Plaintiff is entitled to recover actual and punitive damages as well as reasonable attorney's fees and costs of the action.

## COUNT III

PUNITIVE DAMGES FOR DEFENDANT NURSING HOME'S VIOLATIONS OF KRS 216.515

61. Plaintiff affirms and re-alleges each and every preceding paragraph.

62. Defendant violated KRS 216.515 by failing to treat Plaintiff with consideration, respect, and full recognition of her dignity and individuality, by subjecting Plaintiff to abuse and neglect and by failing to have her suitably dressed.

63. KRS 216.515 provides that the "action may be brought in any court of competent jurisdiction to enforce such rights and to recover actual and punitive damages for any deprivation or infringement on the rights of a resident."

64. Defendant Nursing Home acted with oppression, fraud and/or malice in violating KRS 216.515.

65. Defendant Nursing Home's conduct was intentional or carried out with reckless disregard to Plaintiff's rights.

66. As a result of these breaches, Plaintiff is entitled to recover punitive damages from Defendant Nursing Home.

## COUNT IV

ATTORNEY'S FEES FOR DEFENDANT NURSING HOME'S VIOLATIONS OF KRS 216.515

67. Plaintiff affirms and re-alleges each and every preceding paragraph.

68. Defendant violated KRS 216.515 by failing to treat Plaintiff with consideration, respect, and full recognition of her dignity and individuality, by subjecting her to abuse and neglect, and by failing to have her suitably dressed.

69. As a result of these breaches, Plaintiff is entitled to recover her reasonable attorney's fees and costs from Defendant Nursing Home.

70. KRS 216.515 provides "Any plaintiff who prevails in such action against the facility may be entitled to recover reasonable attorney's fees, costs of the action, and damages, unless the court finds the plaintiff has acted in bad faith, with malicious purpose, or that there was complete absence of justifiable issue of either law or fact.

**COUNT V**

DEFENDANT NURSING HOME'S VIOLATIONS OF 902 KAR 20:300

71. Plaintiff affirms and re-alleges each and every preceding paragraph.

72. Defendant Nursing Home owed Plaintiff affirmative duties under 902 KAR 20:300.

73. Defendant Nursing Home breached these duties by, among other things, allowing Plaintiff to lay in her own urine and feces, not properly changing Plaintiff's bed sheets and diapers, allowing Plaintiff to develop pressure ulcers and eschars, failing to notice or treat her heart conditions, failing to notice or treat her urinary tract infections, failing to notice or treat her sepsis, failing to put suitable clothing on her, failing to provide her with proper medical and nursing care which nearly led to her death, leaving her in hallways overnight while she sits in a pool of her own urine, failing to ensure Plaintiff was being properly fed, taking Plaintiff's food away before she could complete her meals, failing to care for her medicinal needs and failing to take care of her gums and teeth.

74.     Defendant Nursing Home breached these duties by denying Plaintiff the right to be free from physical abuse.

75.     Defendant Nursing Home breached these duties by failing to develop and implement written policies that and procedures that prohibit mistreatment, neglect or abuse of its residents, like Plaintiff.

76.     Defendant Nursing Home breached these duties by failing to care for Plaintiff in a manner and in an environment that promotes maintenance or enhancement of Plaintiff's dignity and respect.

77.     Defendant Nursing Home breached these duties by failing to document violations involving the mistreatment, neglect or abuse of Plaintiff.

78.     Defendant Nursing Home breached these duties by failing to provide a safe, clean, comfortable and homelike environment.

79.     Defendant Nursing Home breached these duties by failing to provide the necessary nursing, medical and psychological services which would allow Plaintiff to attain and maintain the highest possible mental and physical functional status.

80.     Defendant Nursing Home breached these duties by allowing Plaintiff to develop pressure ulcers and eschars and not properly treating the pressure ulcers or eschars.

81.     Defendant Nursing Home breached these duties by failing to provide the proper nutrition to Plaintiff.

82.     Defendant Nursing Home breached these duties by failing to ensure Plaintiff was taking the proper medications and the proper amount of her medications.

83. As a result of these breaches, Plaintiff suffered compensable injuries, including bodily injuries, pain and suffering, future pain and suffering, emotional distress, loss of dignity. degradation and hospitalizations.

**COUNT VI**

DEFENDANT NURSING HOME'S VIOLATIONS OF 902 KAR 20:048

84. Plaintiff affirms and re-alleges each and every preceding paragraph.

85. Defendant Nursing Home owed Plaintiff affirmative duties under 902 KAR 20:048.

86. Defendant Nursing Home breached these duties by failing to provide proper medical, dietary or hygienic care, by, among other things, allowing Plaintiff to lay in her own urine and feces, not properly changing Plaintiff's bed sheets and diapers, allowing Plaintiff to develop pressure ulcers and eschars, failing to notice or treat her heart conditions, failing to notice or treat her urinary tract infections, failing to notice or treat her sepsis, failing to put suitable clothing on her, failing to provide her with proper medical and nursing care which nearly led to her death, leaving her in hallways overnight while she sits in a pool of her own urine, failing to ensure Plaintiff was being properly fed, taking Plaintiff's food away before she could complete her meals, failing to care for her medicinal needs and failing to take care of her gums and teeth.

87. Defendant Nursing Home breached these duties by failing to have adequate personnel to meet the needs of its patients, like Plaintiff, on a twenty-four (24) hour basis.

88. As a result of these breaches, Plaintiff suffered compensable injuries, including bodily injuries, pain and suffering, future pain and suffering, emotional distress, loss of dignity, degradation and hospitalizations.

**COUNT VII**

DEFENDANT NURSING HOME'S VIOLATIONS OF KRS 530.080

89. Plaintiff affirms and re-alleges each and every preceding paragraph.

90. Defendant Nursing Home knowingly endangered the welfare of Plaintiff, who is incompetent and is unable to care for herself due to her mental disability.

91. Defendant Nursing Home knowingly endangered Plaintiff's welfare by, among other things, allowing Plaintiff to lay in her own urine and feces, not properly changing Plaintiff's bed sheets and diapers, allowing Plaintiff to develop pressure ulcers and eschars, failing to notice or treat her heart conditions, failing to notice or treat her urinary tract infections, failing to notice or treat her sepsis, failing to put suitable clothing on her, failing to provide her with proper medical and nursing care which nearly led to her death, leaving her in hallways overnight while she sits in a pool of her own urine, failing to ensure Plaintiff was being properly fed, taking Plaintiff's food away before she could complete her meals, failing to care for her medicinal needs and failing to take care of her gums and teeth.

92. As a result of Defendant Nursing Home's endangering Plaintiff's welfare, Plaintiff suffered physical and mental injuries.

93. By committing these acts, Defendant Nursing Home violated KRS 530.080, which is a Class A misdemeanor.

94. As a result of these acts, Plaintiff suffered compensable injuries, including bodily injuries, pain and suffering, future pain and suffering, emotional distress, loss of dignity, degradation and hospitalizations.

95. Pursuant to KRS 446.070, Plaintiff is entitled to recover damages as a result of Defendant Nursing Home's violation of KRS 530.080.

**COUNT VIII**

PUNITIVE DAMAGES

96. Plaintiff affirms and re-alleges each and every preceding paragraph.

97. Defendant Nursing Home acted with oppression, fraud and/or malice in failing to provide Plaintiff with proper care, by, among other things, allowing Plaintiff to lay in her own urine and feces, not properly changing Plaintiff's bed sheets and diapers, allowing Plaintiff to develop pressure ulcers and eschars, failing to notice or treat her heart conditions, failing to notice or treat her urinary tract infections, failing to notice or treat her sepsis, failing to put suitable clothing on her, failing to provide her with proper medical and nursing care which nearly led to her death, leaving her in hallways overnight while she sits in a pool of her own urine, failing to ensure Plaintiff was being properly fed, taking Plaintiff's food away before she could complete her meals, failing to care for her medicinal needs and failing to take care of her gums and teeth.

98. Defendant Nursing Home's conduct was intentional or carried out with reckless disregard to Plaintiff's rights.

99. Defendant Nursing Home should be punished for its conduct.

**COUNT VIIII**

BREACH OF CONTRACT

100. Plaintiff affirms and re-alleges each and every preceding paragraph.

101. Defendant Nursing Home and Plaintiff entered into a contract whereby Defendant Nursing Home agreed to provide services to Plaintiff.

102. Defendant Nursing Home breached the terms of that agreement by failing to provide adequate care and attention to Plaintiff.

103. Plaintiff fulfilled her obligations under the contract and did not prevent Defendant Nursing Home from carrying out its duties.

104. As a result of Defendant Nursing Home's breaches of contract, Plaintiff suffered compensable injuries, including bodily injuries, pain and suffering, future pain and suffering, emotional distress, loss of dignity, degradation and hospitalizations.

**COUNT X**

INTENTIONAL/RECKLESS INFLICTION OF EMOTIONAL DISTRESS

105. Plaintiff affirms and re-alleges each and every preceding paragraph.

106. Defendant Nursing Home intentionally and/or recklessly engaged in the conduct by, among other things, allowing Plaintiff to lay in her own urine and feces, not properly changing Plaintiff's bed sheets and diapers, allowing Plaintiff to develop pressure ulcers and eschars, failing to notice or treat her heart conditions, failing to notice or treat her urinary tract infections, failing to notice or treat her sepsis, failing to put suitable clothing on her, failing to provide her with proper medical and nursing care which nearly led to her death, leaving her in hallways overnight while she sits in a pool of her own urine, failing to ensure Plaintiff was being properly fed, taking Plaintiff's food away before she could complete her meals, failing to care for her medicinal needs and failing to take care of her gums and teeth.

107. Defendant Nursing Home's conduct is outrageous and intolerable because it offends against the generally accepted standards of decency and morality.

108. As a direct result of Defendant Nursing Home's conduct, Plaintiff suffered emotional distress.

109. The emotional distress suffered by Plaintiff was severe.

**COUNT XI**

PUNITIVE DAMAGES FOR DEFENDANT NURSING HOME INTENTIONALLY AND/OR RECKLESSLY INFLICTING EMOTIONAL DISTRESS ON PLAINTIFF

110. Plaintiff affirms and re-alleges each and every preceding paragraph.

111. Defendant Nursing Home acted with oppression, fraud and/or malice by, among other things, allowing Plaintiff to lay in her own urine and feces, not properly changing Plaintiff's bed sheets and diapers, allowing Plaintiff to develop pressure ulcers and eschars, failing to notice or treat her heart conditions, failing to notice or treat her urinary tract infections, failing to notice or treat her sepsis, failing to put suitable clothing on her, failing to provide her with proper medical and nursing care which nearly led to her death, leaving her in hallways overnight while she sits in a pool of her own urine, failing to ensure Plaintiff was being properly fed, taking Plaintiff's food away before she could complete her meals, failing to care for her medicinal needs and failing to take care of her gums and teeth.

112. Defendant Nursing Home's conduct was intentional or carried out with reckless disregard to Plaintiff's rights.

113. Defendant Nursing Home should be punished for its conduct.

**COUNT XII**

DEFENDANT NURSING HOME'S VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT

114. Plaintiff affirms and re-alleges each and every preceding paragraph.

115. Defendant Nursing Home engages in the business of providing services to elderly residents, like Plaintiff.

116. In the course of its business, Defendant Nursing Home provided services to Plaintiff.

117. Defendant's Nursing Home's services were primarily for personal reasons.

118. Defendant Nursing Home engaged in unfair, false, misleading and deceptive trade practices connected to the personal services it provided Plaintiff by failing to provide those essential services.

119. As a result of Defendant Nursing Home's unfair, false, misleading and deceptive trade practices, Plaintiff suffered compensable harm, including physical injuries, pain and suffering, future pain and suffering and emotional distress, loss of dignity, degradation and hospitalizations.

120. As a result of Defendant Nursing Home's violations of the Kentucky Consumer Protection Act, Plaintiff is entitled to recover punitive damages and her reasonable attorney's fees and costs.

**COUNT XIII**

PUNITIVE DAMAGES FOR DEFENDANT NURSING HOME'S VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT

121. Plaintiff affirms and re-alleges each and every preceding paragraph.

122. Defendant Nursing Home acted with oppression, fraud and/or malice by, among other things, allowing Plaintiff to lay in her own urine and feces, not properly changing Plaintiff's bed sheets and diapers, allowing Plaintiff to develop pressure ulcers and eschars, failing to notice or treat her heart conditions, failing to notice or treat her urinary tract infections, failing to notice or treat her sepsis, failing to put suitable clothing on her, failing to provide her with proper medical and nursing care which nearly led to her death, leaving her in hallways overnight while she sits in a pool of her own urine, failing to ensure Plaintiff was being properly fed, taking Plaintiff's food away before she could complete her meals, failing to care for her medicinal needs and failing to take care of her gums and teeth.

123. Defendant Nursing Home's conduct was intentional or carried out with reckless disregard to Plaintiff's rights.

124. Defendant Nursing Home should be punished for its conduct.

**COUNT XIV**

ATTORNEY'S FEES FOR DEFENDANT NURSING HOME'S VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT

125. Plaintiff affirms and re-alleges each and every preceding paragraph.

126. Plaintiff violated the Kentucky Consumer Protection Act by failing engaging in unfair, false, misleading and deceptive acts connected to its failure to provide proper care and attention to Plaintiff which it promised to provide.

127. KRS 367.220(3) provides that "In any action brought by a person under this section, the court may award, to the prevailing party, in addition to the relief provided in this section, reasonable attorney's fees and costs."

128. As a result of these breaches, Plaintiff is entitled to recover her reasonable attorney's fees and costs from Defendant Nursing Home.

WHEREFORE, Plaintiff respectfully requests the following relief:

(A) A judgment in her favor on all counts of her Complaint;

(B) A monetary award for all of her damages, including physical injuries, emotional distress, pain and suffering and future pain and suffering, loss of dignity, degradation and hospitalizations;

(C) A monetary award of punitive damages to punish Defendant Nursing Home for its egregious conduct, which are recoverable pursuant to KRS 216.515 and KRS 411.184;

(D) An award of all attorney's fees and costs associated with this action which are recoverable pursuant to KRS 216.515 and KRS 367.220;

(E) An award of pre-judgment interest at the maximum legal rate on the amount Defendant Nursing Home is adjudicated to owe Plaintiff;

(F) An award of post-judgment interest at the maximum legal rate on all amounts Defendant Nursing Home is adjudicated to owe Plaintiff;

(G) Any and all other relief to which it appears Plaintiff is entitled; and

(H) A trial by jury on all counts so triable.

**MILLER, GRIFFIN & MARKS, P.S.C.**

271 W. Short Street, Suite 600
Lexington, Kentucky 40507
Telephone: (859) 255-6676
Facsimile:(859) 259-1562

By: ______________________
ELLIOTT C. MILLER

ATTORNEY FOR PLAINTIFF

F:\Share\EM\Brandenburg v. Stanton Nursing Home - Complaint.docx