UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JUANITA BRANDENBURG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-183-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| STANTON HEALTH FACILITIES, L.P., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Juanita Brandenburg's motion to file an Amended Complaint to join Tom Davis and Heather Ratliff as defendants. [Record No. 7] The plaintiff simultaneously filed a motion to remand on the grounds that joining Davis and Ratliff would destroy diversity and divest this Court of jurisdiction. [Record No. 6] For the reasons outlined below, the plaintiff's motion to file an Amended Complaint and motion to remand will be denied.

## I.

The plaintiff's original Complaint was filed on April 21, 2014, in the Powell Circuit Court. [Record No. 1-1] Brandenburg claims that Defendant Stanton Health Facilities, L.P., negligently caused injuries during her time at the Stanton Nursing and Rehabilitation Center (May 29, 2012, through March 22, 2014). [*Id.*, p. 2] The alleged injuries include severe weight loss due to malnutrition, eschars, pressure ulcers, dehydration, improper cleansing, failure to diagnose heart conditions, sepsis, urinary tract infections, and diseased teeth and

gums. [*Id.*, pp. 2–7] The Complaint further claims violations of KRS § 216.515, 902 KAR 20:300, 902 KAR 20:048, KRS § 530.080, breach of contract, intentional/reckless infliction of emotional distress, and Kentucky's Consumer Protection Act. [*Id.*, p. 7–17] On May 9, 2014, the defendant removed the case to this Court based on federal diversity jurisdiction. [Record No. 1]

On May 16, 2014, Brandenburg filed a motion for leave to amend the Complaint. [Record No. 7] The primary changes are the addition of Thomas Davis, the alleged Administrator of Stanton Nursing and Rehabilitation Center, and Heather Ratliff, the alleged Director of Nursing at Stanton Nursing Rehabilitation Center, as defendants. More specifically, the Amended Complaint includes allegations that Davis and Ratliff were negligent and grossly negligent in providing care. She also seeks to recover punitive damages from the parties she seeks to add as defendants. [Record No. 7-2, pp. 21–26] Along with the motion to amend, the plaintiff filed a motion to remand the case to the Powell Circuit Court. [Record No. 6] As grounds, Brandenburg alleges that: (i) both Davis and Ratliff are citizens of Kentucky, who, if joined, would destroy the diversity jurisdiction; and (ii) the original defendant failed to identify the names and domiciles of each partner of Stanton Health Facilities, L.P., as required to establish complete diversity.[1] [Record No. 6-1, pp.1–2]

---

1 In the Notice of Removal, the defendant stated that it is a citizen of Texas. [Record No. 1, pp. 1–2] Further, in its reply to the plaintiff's motion for remand, the defendant explained that the general partner for Stanton Health Facilities, L.P., is Stanton Health Facilities GP, LLC, which is a limited liability company organized under Texas law, with Texas as its domicile and principle place of business. [Record No. 11, p. 2–3] The limited partner for Stanton Health Facilities, L.P., is Thomas Scott, a resident and citizen of Texas, domiciled in Texas. [*Id.*] Therefore, diversity of citizenship exists with respect to the case as originally removed to this Court..

**II.**

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which allows a plaintiff to amend a complaint "once as a matter of right" within twenty-one days of a defendant's answer or motion to dismiss under Rule 12. Fed. R. Civ. P. 15(a)(1)(b). As a general rule, courts do not have a great deal of discretion to deny timely filed motions to amend complaints. However, Congress allows the federal courts to exercise discretion in allowing amendments when the amendment would divest the court of jurisdiction through the joinder of additional parties. 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *see also Collins ex rel Collins v. Nat'l General Ins. Co.*, No. 10-13344, 2010 WL 4259949 (E.D. Mich. Oct. 25, 2010).

The Sixth Circuit has provided little guidance regarding this statutory section, but the courts in this district generally use the four *Hensgens* factors. *See Cooper v. Thames Healthcare Group, LLC*, No. 13-14-GFVT, 2014 WL 941925, at *2 (E.D. Ky. Mar. 11, 2014); *Premium Fin. Grp., LLC v. MPVF LHE Lexington LLC*, No. 5:13-CV-362-KKC, 2014 WL 112308, *4 (E.D. Ky. Jan. 9, 2014) (citing *Bridgepointe Condos, Inc. v. Integra Bank Nat'l Ass'n*, No. 08-475-C, 2009 WL 700056, at *2 (W.D. Ky. Mar. 13, 2009)); *Lester v. Extendicare, Inc.*, No. 6:13-CV-21, 2013 WL 3781300, at * 3 (E.D. Ky. July 18, 2013). These factors include: (i) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (ii) whether the plaintiff has been dilatory in seeking amendment; (iii) whether the plaintiff will be significantly injured if amendment is not allowed; and (iv) any

other equitable factors. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The first factor is often of "paramount importance" because the ultimate question is whether the primary purpose of the proposed joinder is to divest the federal forum of jurisdiction. *See Bridgepointe Condos, Inc.*, 2009 WL 700056, at *2; *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 824–25 (N.D. Ohio 2008); *J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F. Supp. 2d 613, 618 (E.D. Mich. 2005).

### III.

Brandenburg claims that since filing the Complaint it has been discovered, through review of records, that her mistreatment was much worse than she originally thought.[2] [Record No. 9, pp. 2–3] As a result of this new information, the plaintiff asserts "that she had claims against Davis and Ratliff for negligence and gross negligence and could seek punitive damages relating to their breaches of care." [*Id.*, p. 7] As noted in *Cooper*, 2014 WL 941925, at *3, this explanation would be more persuasive if the plaintiff had not known of the existence of Davis and Ratliff prior to filing the Complaint. Brandenburg does not contend that she was unaware of either Davis or Taylor prior to filing the Complaint. In fact, in the filing in support of her motion to amend, Brandenburg states that "Davis and Ratliff's neglect of Plaintiff was worse than previously believed," [Record No. 9, p. 7], and that "Davis and Ratliff's actions and/or inactions were far worse than the Plaintiff realized at the time the Complaint was filed." [*Id.*, p. 3] These statements make it clear that the

---

2 Due to the lack of capacity of the plaintiff, her daughter and counsel have taken an increased role in fact gathering and bringing the legal claims in this case. [Record No. 9, p. 3]

Brandenburg was aware of the identity of Davis and Ratliff, and their roles at the Stanton Nursing and Rehabilitation Center.

There is also evidence that the plaintiff's daughter, Kay Brandenburg, had complained to the administration at Stanton Nursing and Rehabilitation Center numerous times regarding the care her mother was receiving in January of 2014. [Record No. 11, pp. 6–7] Further, the Complaint states that "Plaintiff's family members repeatedly brought . . . suspected urinary tract infections and infirmities to Defendant Nursing Home's attention." [Record No. 1-1, p. 4] These exchanges demonstrate that, prior to any new information discovered after filing the Complaint, Brandenburg had already acted on her displeasure with the administration. Additionally, even if Brandenburg was not aware of the identities of Davis and Ratliff, at the very least she could have included them as "Unknown Defendants" in the Complaint. Despite these interactions, the plaintiff did not seek to join any member of the administration until after removal.

Further, the motion to amend was filed simultaneously with a motion to remand, based on the joinder of Davis and Ratliff. Such contemporaneous filings indicate a motive to avoid federal jurisdiction. *Cooper*, 2014 WL 941925, at *4 (citing *McGee v. State Farm Mut. Auto. Ins. Co.,* 684 F. Supp. 2d 258, 264 (E.D. N.Y. 2009) ("The amended complaint was filed contemporaneously with McGee's motion to remand. The inference is all but compelled that the complaint was amended with the deliberate purpose of divesting this Court of jurisdiction.")). Thus, these circumstances suggest that the reason for amending the Complaint is to destroy federal jurisdiction. The first factor weighs in favor of the defendant.

The second factor concerns whether Brandenburg has been dilatory in seeking to amend her Complaint. The plaintiff filed this action on April 21, 2014. [Record No. 1-1] The defendant removed the case to this Court on May 9, 2014. [Record No. 1] One week later, on May 16, 2014, Brandenburg filed her motions to remand and amend. [Record Nos. 6, 7] The plaintiff claims that she has not been dilatory, stating that other plaintiffs have been found not to be dilatory where a longer period of time had passed. [Record No. 9, p. 9]; *Premium Fin. Grp.*, 2014 WL 112308, at *4 (finding a plaintiff not dilatory where the plaintiff "completed all steps of the process within a month of filing suit."); *Bridgepointe Condos, Inc.*, 2009 WL 700056 (four months found not to be dilatory). She further states that, since filing the Complaint, she has had more time to research and review the voluminous medical records affecting this case. [Record No. 6-1, p. 5] Again, however, these arguments would be more compelling if the plaintiff had not been aware of Davis and Ratliff prior to bringing the action. As stated earlier, it is clear that Brandenburg was not only aware of their identity, but had complained directly to the administration numerous times. Based on these circumstances, the Court concludes that it is a neutral factor that favors neither party in the present amendment/remand analysis.

The third factor involves whether the plaintiff will be significantly injured if the amendment is not allowed. Brandenburg's Amended Complaint seeks to assert identical factual allegations for its claims of negligence, gross negligence, and punitive damages against Davis and Ratliff in their individual capacity, stating that they failed to properly oversee the care provided by the facility. The plaintiff claims that prejudice will occur without amendment of the Complaint because, "Davis and Ratliff were . . . grossly negligent

in carrying out their duties, and as a result of that gross negligence, the Defendant would not be liable under a theory of respondeat superior for any award of punitive damages." [Record No. 9, p. 13]; *see also* KRS § 411.184(3).

"Under the doctrine of respondeat superior, an employer can be held vicariously liable for an employee's tortious actions if committed in the scope of his or her employment." *Papa John's Int'l, Inc. v. McCoy*, 244 S.W.3d 44, 56 (Ky. 2008). Here, the plaintiff fails to allege conduct by Davis or Ratliff falling outside the scope of employment. *See Cooper*, 2014 WL 941925, at *4. Instead, she re-alleges all allegations against the defendant in her claims against Davis and Ratliff, but fails to provide any individual circumstances that would suggest their actions were not taken in the course of employment. Further, the plaintiff asserts that she has just become aware of the seriousness of the injuries caused by the oversight of Davis and Ratliff after reviewing more records. [Record No. 12, p. 7] In short, the injuries claimed in the Amended Complaint are all included in some form in the original Complaint. [Record No. 1-1, pp. 2–7, Record No. 7-2, pp. 21–25]

The plaintiff also asserts prejudice because, if joinder is rejected, she will be forced to bring her claims against Davis and Ratliff in a separate action in state court. [Record No. 9, pp. 9–11] However, courts have found that this concern can be muted when it is determined that the defendant is being joined simply as a way to defeat federal jurisdiction. *See Sexton v. G & K Services, Inc.*, 51 F. Supp. 2d 1311, 1314 (M.D. Ala. 1999); *Hayden v. Acadian Gas Pipeline System*, No. CIV. A. 96-3612, 1997 WL 180380, at *3 (E.D. La. Apr. 10, 1997). Accordingly, the third factor weighs in favor of denying the Complaint to be amended.

Finally, the fourth factor concerns whether there are any other equitable factors that merit amendment of the Complaint. The plaintiff cites *Premium Financial Group* for the proposition that the defendant's ties and economic benefit received from the state of Kentucky should be considered in favor of its motion to amend. [*Id.*, p. 13–14]; 2014 WL 112308, at *4. However, the holding in *Premium Financial Group* is distinguishable. There, the plaintiff was attempting to add a non-diverse defendant corporation who was the actual owner of the office property at issue. *Premium Fin. Grp.*, 2014 WL 112308, at *1. Here, however, Brandenburg is not seeking to join a new entity but two employees who were already known to her prior to filing the Complaint. Further, the defendant claims an equitable interest in being assured freedom from potential local bias which would be cured by federal jurisdiction. [Record No. 8, pp. 8–9] Courts have considered the defendant's "substantial interest in proceeding in a federal forum" when evaluating this factor. *Bridgepointe Condos, Inc.*, 2009 WL 700056 at *4. The fourth factor also ways in favor of denying the motion to amend the Complaint.

**IV.**

The majority of relevant factors indicate that the plaintiff's main purpose in seeking to amend her Complaint is to destroy federal jurisdiction. For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. The Plaintiff's Motion for Leave to Amend [Record No. 7] is **DENIED**; and

2. The Plaintiff's Motion to Remand the Matter to the Powell Circuit Court [Record No. 6] is **DENIED**.

This 2nd day of October, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge