UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JUANITA BRANDENBURG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-183-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| STANTON HEALTH FACILITIES, L.P., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant Stanton Health Facilities, L.P.'s, motion to compel arbitration. [Record No. 3] For the reasons outlined below, the defendant's motion will be granted.

**I.**

Plaintiff Juanita Brandenburg was a resident at the Stanton Nursing and Rehabilitation Center from May 29, 2012, through March 22, 2014. [Record No. 1-1, p. 2] While at that facility, Brandenburg alleges that she received inadequate care resulting in numerous physical injuries. She filed suit against the defendant in the Powell Circuit Court on April 21, 2014, alleging negligence, violations of KRS § 216.515, 902 KAR 20:300, 902 KAR 20:048, KRS § 530.080, Kentucky's Consumer Protection Act, breach of contract, and intentional/reckless infliction of emotional distress. [Record No. 1-1, pp. 7–17]

In its Answer, the defendant asserted that the claims are subject to a binding alternative dispute resolution agreement. [Record No. 2, p. 1] On June 22, 2012, the Powell

District Court appointed the plaintiff's son, Larry Brandenburg, and daughters, Sharon ("Kay") Brandenburg and Deloris Neugebaur, as her guardians. [Record No. 3-3] Each co-guardian's name and address are listed on the order of appointment, and they are separated by a virgule (/) sign. [*Id.*] On July 20, 2012, Larry Brandenburg, without the written consent of the other co-guardians, executed an alternative dispute resolution agreement with the Stanton Nursing and Rehabilitation Center on the plaintiff's behalf. [Record No. 3-2, p. 5] The "Covered Disputes" section of the agreement states, in relevant part:

> This Agreement applies to any and all disputes arising out of or in any way relating to this Agreement or to the Resident's stay at the Center that would constitute a legally cognizable cause of action in a court of law sitting in the Commonwealth of Kentucky and shall include, but not be limited to, all claims in law or equity arising from one Party's failure to satisfy a financial obligation to the other Party; a violation of a right claimed to exist under federal, state, or local law or contractual agreement between the Parties; tort; breach of contract; fraud; misrepresentation; negligence; gross negligence; malpractice; death or wrongful death and any alleged departure from any applicable federal, state, or local medical, health care, consumer or safety standards. Covered Dispute shall include the determination of the scope of or applicability of this Agreement to mediate/arbitrate.

[*Id.*, p. 2]

Following removal to this Court [Record No. 1], the defendant moved to compel arbitration pursuant to the alternative dispute resolution agreement. [Record No. 3] Brandenburg then moved to remand the case back to state court [Record No. 6], and to amend her Complaint.[1] [Record No. 7] Both motions were recently denied. [Record No. 13]

---

1   The plaintiff moved to add Tom Davis and Heather Ratliff as defendants. Both were Kentucky residents who would have destroyed diversity jurisdiction in this Court.

**II.**

Under the FAA, arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This section of the FAA "'is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary.'" *Asplundh Tree Expert Co. v. Bates*, 71 F.3d 592, 595 (6th Cir. 1995) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). When considering a motion to compel arbitration, the Court considers: (i) whether the parties agreed to arbitrate the claims; (ii) the scope of the arbitration agreement; (iii) whether there are any federal statutory claims that are non-arbitrable; and (iv) whether to stay any proceedings not subject to arbitration. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

Although Kentucky law governs the interpretation of the arbitration agreement, the "liberal federal policy favoring arbitration agreements" must be taken into account even when state-law issues are presented. *Moses H. Cone*, 460 U.S. at 24. Any doubts regarding the parties' intentions should be resolved in favor of arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

**III.**

The arbitration agreement in issue states that "any and all disputes arising out of or in any way relating to this Agreement or to the Resident's stay at the Center," which includes violations of "a right claimed to exist under federal, state, or local law or contractual agreement between the Parties; tort; breach of contract; fraud; misrepresentation; negligence;

gross negligence; malpractice; death or wrongful death and any alleged departure from any applicable federal, state, or local medical, health care, consumer or safety standards," are subject to binding arbitration. [Record No. 3-2, p. 2] Larry Brandenburg, acting as appointed guardian for the plaintiff, signed the agreement on her behalf. [*Id.*, p. 5] Brenda Kiernan signed the agreement on behalf of the Stanton Nursing and Rehabilitation Center. [*Id.*]

The defendant asserts that all of the claims brought by the plaintiff are subject to the arbitration agreement. [Record No. 3, p. 2] The plaintiff does not argue that the claims are not covered by the agreement or that a court-appointed guardian lacks the authority to enter into an arbitration agreement.[2] Instead, Brandenburg's sole argument is that the arbitration agreement is not enforceable because only one of her co-guardians signed it. [Record No. 5, p. 2] According to Brandenburg, the defendant was required to get the signatures of all three co-guardians to comply with the court order. [*Id.*, pp. 2–3] She relies heavily on *First Nat'l Bank of Beaver, Okla. v. Hough*, 643 F.2d 705 (10th Cir. 1980) (finding a joint power of attorney where names were separated by "and"), and *Musquiz v. Marroquin*, 124 S.W.3d 906 (Tex. App. 2004) (same), in support of this contention. These cases hold that when more than one person is appointed as an agent, any action taken on behalf of the principal must be exercised jointly. *Hough*, 643 F.2d at 706–07; *Musquiz*, 124 S.W.3d at 911–12. However, neither case is directly on point. Instead, they concern powers of attorney and rely heavily on the specific language used to create them.

---

2   The Kentucky Court of Appeals has found that court-appointed guardians have the authority to enter into arbitration agreements which may affect the jural rights of their wards. *LP Pikeville v. Wright*, No. 2013-CA-959-MR, 2014 WL 1345293, at *4 (Ky. Ct. App. Apr. 4, 2014).

Here, on its face, the court order does not require the signatures of all three co-guardians to enter into an arbitration agreement. The co-guardian's names and addresses are each separated by a virgule (/) sign. [Record No. 3-3, p. 1] A virgule sign is commonly interpreted to mean "or." *See Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 326 (5th Cir. 2001); *Dynalectron Corp. v. Equitable Trust Co.*, 704 F.2d 737, 739 & n.3 (4th Cir. 1983) (noting that Webster's New International Dictionary, Second Edition, Unabridged (1961), defines "virgule" as "a short slanting stroke between two words . . . indicating that either may be used by the reader to interpret the sense"); *Standard Ins. Co. v. Cecola*, No. Civ.A. 04-1366, 2006 WL 83457, at *3 (W.D. La. Jan. 11, 2006). Additionally, there are no restrictions marked on the order in the area designated for limiting the scope of the guardianship. [Record No. 3-3, p. 1]

Finally, the three co-guardians are from different areas of Kentucky: Clay City, Winchester, and Florence. Florence is over 100 miles away from Powell County where the order was filed. It is unlikely that the court intended to require all three co-guardians to be present to approve decisions on behalf of the plaintiff, especially considering that some of the decisions could require immediate attention (e.g., consent to medical procedures).

Based on the clear language of the arbitration agreement, the Court concludes that the various claims brought by the plaintiff are all covered. Therefore, the arbitration agreement will be enforced.[3]

---

3  Although not contested by the plaintiff, the Court notes that similar arbitration agreements have been found to qualify under the FAA as transactions with an effect upon interstate commerce. *See GGNSC Vanceburg, LLC v. Hanley*, No. 13-106-HRW, 2014 WL 1333204, at *8–9 (E.D. Ky. Mar. 28, 2014); *GGSNC Louisville Hillcreek, LLC v. Warner*, No. 3:13-CV-752-H, 2013 WL 6796421 (W.D. Ky.

**IV.**

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. Defendant Stanton Health Facilities, L.P.'s motion to compel arbitration [Record No. 3] is **GRANTED**.

2. This civil action is **STAYED**, pending the completion of arbitration proceedings. The plaintiff is required to prosecute all of her claims arising out of the residency at the Stanton Nursing & Rehabilitation Center in accordance with the terms of the arbitration agreement signed by her guardian.

3. The parties are directed to file status reports with the Court regarding the status of arbitration each sixty days following the entry of this Order, and upon the completion of arbitration.

This 6th day of October, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

Dec. 19, 2013); *GGNSC Vanceburg, LLC v. Taulbee*, No. 5:13-CV-71-KSF, 2013 WL 4041174 (E.D. Ky. Aug. 7, 2013).