**ELECTRONICALLY FILED**
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO.: 14-cv-00183-DCR

JUANITA BRANDENBURG,                                                    PLAINTIFF

v.                     **PLAINTIFF'S FIRST AMENDED COMPLAINT**

STANTON HEALTH FACILITIES, L.P. d/b/a
STANTON NURSING AND REHABILITATION CENTER,                DEFENDANT
STANTON HEALTH FACILITIES GP, LLC,
PREFERRED CARE PARTNERS MANAGEMENT GROUP, L.P.,
PCPMG, LLC, PREFERRED CARE, INC.,
d/b/a PREFERRED CARE OF DELEWARE, INC., and
KENTUCKY PARTNERS MANAGEMENT, LLC,

Serve via Franklin County Sheriff:

Stanton Nursing Health Facilities, L.P.
d/b/a Stanton Nursing and Rehabilitation Center
c/o National Registered Agents, Inc.
306 W. Main Street, Suite 512
Frankfort, Kentucky 40601

Preferred Care, Inc.
d/b/a Preferred Care of Delaware, Inc.
c/o National Registered Agents, Inc.
306 W. Main Street, Suite 512
Frankfort, Kentucky 40601

Serve via Fayette County Constable Jeff Jacob:

Kentucky Partners Management, LLC
c/o Registered Agents Solutions, Inc.
828 Lane Allen Road, Suite 219
Lexington, Kentucky 40504

1

<u>Serve via Kentucky Secretary of State under Kentucky Long-Arm Statute</u>:

Stanton Health Facilities GP, LLC
c/o Registered Agent Robert Riek
5500 W. Plano Parkway, Suite 210
Plano, Texas 75093

Preferred Care Partners Management Group, L.P.
c/o Registered Agent Solutions, Inc.
1701 Directors Boulevard, Suite 300
Austin, Texas 78744

PCPMG, LLC
c/o Registered Agent Solutions, Inc.
1701 Directors Boulevard, Suite 300
Austin, Texas 78744

\*\*\*\*\*\*\*\*\*\*\*

Comes now the Plaintiff, Juanita Brandenburg ("Plaintiff") by counsel, and for her First Amended Complaint, states as follows:

PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is an individual who is a resident of Powell County, Kentucky, who is currently a resident-patient at the Wolfe County Nursing Home, which is located at 838 KY 191, Steele Hollow Road, Campton, Kentucky 41201.

2.       Defendant Stanton Health Facilities, L.P. d/b/a Stanton Nursing and Rehabilitation Center ("Stanton Nursing Center") is a foreign limited partnership, which is in good standing with the Kentucky Secretary of State, with a principal office located at 5420 W. Plano Parkway, Plano, Texas 75093.  Its registered agent is National Registered Agents, Inc., which is located at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.  Stanton Nursing Center is a for-profit nursing facility that provides 24 hour care to elderly residents who suffer from physical injuries and/or mental infirmities.

3.      Defendant Stanton Health Facilities GP, LLC, is a foreign limited liability company, not registered with the Kentucky Secretary of State, with a principal office located at 5500 W. Plano Parkway, Suite 210, Plano, Texas 75093.  Its registered agent is Robert Riek, 5500 W. Plano Parkway, Suite 210, Plano, Texas 75093.  Defendant Stanton Health Facilities GP, LLC, is the general partner of Defendant Stanton Health Facilities, L.P., d/b/a Stanton Nursing Center.

4.      Defendant Preferred Care Partners Management Group, L.P., is a foreign limited partnership, not registered with the Kentucky Secretary of State, with a principal office located at 5420 W. Plano Parkway, Plano, Texas, 75093.  Its registered agent is Registered Agent Solutions, Inc., 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.  Defendant Preferred Care Partners Management Group, L.P., is actively involved in the ownership, operation and/or management of Defendant Stanton Health Facilities, L,P,. d/b/a Stanton Nursing Center.

5.      Defendant PCPMG, LLC, is a foreign limited partnership, not registered with the Kentucky Secretary of State, with a principal office located at 5420 W. Plano Parkway, Plano, Texas, 75093.  Its registered agent is Registered Agent Solutions, Inc., 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.  Defendant PCPMG, LLC., is actively involved in the ownership, operation and/or management of Defendant Stanton Health Facilities, L,P,. d/b/a Stanton Nursing Center.

6.      Defendant Preferred Care, Inc., d/b/a Preferred Care of Delaware, Inc., is a Kentucky registered foreign corporation, which is in good standing with the Kentucky Secretary of State, with a principal office located at 5420 W. Plano Parkway, Plano, Texas 75093.  Its registered agent is National Registered Agents, Inc., 306 W. Main Street, Frankfort, Kentucky 40601.  Defendant Preferred Care Inc., d/b/a Preferred Care of Delaware, Inc., is actively involved in the ownership, operation and/or management of Defendant Stanton Health Facilities, L,P, d/b/a Stanton Nursing Center.

7.     Defendant Kentucky Partners Management, LLC, is a Kentucky registered limited liability company, which is in good standing with the Kentucky Secretary of State, with a principal office of 5420 W. Plano Parkway, Plano, Texas 75093.  Its registered agent is Registered Agent Solutions, Inc., 828 Lane Allen Road, Suite 219, Lexington, Kentucky 40504. Defendant Kentucky Partners Management, LLC is actively involved in the ownership, operation and/or management of Defendant Stanton Health Facilities, L.P, d/b/a Stanton Nursing Center.

8.      As used throughout this Complaint, the term "Nursing Home Defendants" collectively refers to the following Defendants: Stanton Health Facilities, L.P., d/b/a Stanton Nursing Center, Stanton Health Facilities GP, LLC, Preferred Care Management Group, L.P., PCPMG, LLC, Preferred Care, Inc., d/b/a Preferred Care of Delaware, Inc., and Kentucky Partners Management, LLC.

9.     Nursing Home Defendants are directly and/or vicariously liable to Plaintiff because Nursing Home Defendants exerted some form of ownership, partnership, control and/or management of Defendant Stanton Nursing Center, and, based on that relationship, owed duties to sufficiently, adequately and reasonably oversee, manage and control Defendant Stanton Nursing Center to ensure that the proper oversight, care, treatment and services were being provided to Plaintiff, including, but not limited to, providing sufficient medical attention and services, providing sufficient nursing attention and services, providing for Plaintiff's dietary needs, providing for Plaintiff's hygienic needs, providing sufficient number of staffing, selecting and retaining only competent staff members, overseeing all persons who provide services to Plaintiff, and formulating, adopting and enforcing adequate rules and policies to ensure quality care for Plaintiff.

10.     Venue and jurisdiction are proper here because Nursing Home Defendants own, operate, manage and/or control a business in Powell County where Plaintiff's injuries occurred, because they have enjoyed economic benefits from that business, because the acts complained of herein occurred entirely in Powell County, because the injuries complained of occurred entirely in Powell County and because one of Plaintiff's co-guardians executed an Arbitration Agreement.

FACTUAL ALLEGATIONS

11.     Plaintiff was a resident of Stanton Nursing Center from May 29, 2012, until March 22, 2014.

12.     Immediately prior to her admission to Defendant Stanton Nursing Center, Plaintiff was diagnosed with Alzheimer's disease and was unable to properly care for herself.

13.     As a result of her incompetency Plaintiff reasonably relied on, entrusted in, and reasonably expected Nursing Home Defendants to provide the oversight, management, control, care, treatment and services that were necessary to ensure her well-being, including, but not limited to, providing sufficient medical attention and services, providing sufficient nursing attention and services, providing for Plaintiff's dietary needs, providing for Plaintiff's hygienic needs, providing sufficient number of staffing, to select and retain only competent staff members, to oversee all persons who provide services to Plaintiff, and formulating, adopting and enforcing of adequate rules and policies to ensure quality care for Plaintiff.

14.     The Nursing Home Defendants exerted some form of ownership, partnership, control and/or management of Defendant Stanton Nursing Center and, based on that relationship, owed duties to Plaintiff to provide the oversight, management, control, care, treatment and services that were necessary to ensure her well-being, including, but not limited to, providing sufficient medical attention and services, providing sufficient nursing attention and services, providing for Plaintiff's

dietary, hygienic, skin and cardiovascular needs, providing sufficient number of staffing, to select and retain only competent staff members, to oversee all persons who provide services to Plaintiff, and formulating, adopting and enforcing of adequate rules and policies to ensure quality care for Plaintiff.

15. Based on their relationship with Defendant Stanton Nursing Center, the Nursing Home Defendants, as principals, are directly and/or vicariously liable for any acts or omissions of their agents, including Defendant Stanton Nursing Center, which caused Plaintiff her injuries..

16. Based on their relationship with Defendant Stanton Nursing Center, the Nursing Home Defendants had actual or constructive knowledge of the acts or omissions that led to the harm suffered by Plaintiff as described herein below.

17. Based on their relationship with Defendant Stanton Nursing Center, the Nursing Home Defendants had actual or constructive knowledge that Defendant Stanton Nursing Center was not properly staffed with sufficient and competent employees.

18. Based on their relationship with Defendant Stanton Nursing Center, the Nursing Home Defendants had actual or constructive knowledge that Defendant Stanton Nursing Center was unable to provide proper care, services and treatment to Plaintiff.

19. As a long-term care facility, Defendant Stanton Nursing Center, and the other Nursing Home Defendants who exerted any ownership, partnership, control and/or management of Defendant Stanton Nursing Center, were obligated by common law, statutes and regulations to provide certain oversight, management, control, care, treatment and services to Plaintiff, its resident, including, but not limited to, providing sufficient medical attention and services, providing sufficient nursing attention and services, providing for Plaintiff's dietary, hygienic, skin and cardiovascular needs, providing sufficient number of staffing, to select and retain only

6

competent staff members, to oversee all persons who provide services to Plaintiff, and formulating, adopting and enforcing of adequate rules and policies to ensure quality care for Plaintiff.

20.      While under Defendant Stanton Nursing Center's care and custody, Plaintiff's physical, mental, nutritional, and hygienic state deteriorated beyond that expected by advancing age.

21.      Plaintiff lost twenty (20) pounds in six (6) months due to Defendant Stanton Nursing Center's failure to care for Plaintiff's dietary needs.

22.      Defendant Stanton Nursing Center would take Plaintiff's meals away from her before she had eaten her food thereby denying her proper nutrition.

23.      Defendant Stanton Nursing Center failed to properly care for or treat Plaintiff's teeth and gums, which failure caused her gums to become diseased and severely bleed whenever her teeth were brushed.

24.      Plaintiff, at all relevant times, was incontinent, and employees and/or agents of Defendant Stanton Nursing Center, on numerous occasions, left Plaintiff, for an extended period of time in a pool of her own urine and feces, causing pressure ulcers to develop on her body, including her buttocks.

25.      Nursing Home Defendants allowed Plaintiff to remain in her wheelchair for extended periods of time, including a documented times of twenty-four (24) hours, sixteen (16) hours and eight (8) hours.

26.      Nursing Home Defendants allowed Plaintiff to sit in her wheelchair during those extended periods of time without changing her diaper, so Plaintiff was forced to sit in her own urine and feces.

27.      Due to being left in her wheelchair to sit in her own urine and feces, Plaintiff's buttocks and legs suffered skin breakdowns.

28.     Due to being left in her wheelchair for such extended periods of time, Plaintiff suffered contractures.

29.     Due to being left slouched over in her wheelchair for such extended periods of time, Plaintiff suffered additional skin breakdowns, including that underneath her left breast.

30.     Nursing Home Defendants failed to contact Plaintiff's co-guardians to notify any of them that Plaintiff was left in her wheelchair for extended periods of time.

31.     Defendant Stanton Nursing Center failed to properly care for or treat Plaintiff's feet, which failure caused pressure ulcers to develop.

32.     Defendant Stanton Nursing Center failed to provide proper nutrition to Plaintiff, which failure caused Plaintiff's blood sugar to frequently remain low.

33.     Defendant Stanton Nursing Center failed to provide proper nutrition to Plaintiff, which failure caused Plaintiff's protein and albumin levels to remain low.

34.     Defendant Stanton Nursing Center failed to provide proper hydration to Plaintiff, which failure caused Plaintiff to suffer from dehydration.

35.     Defendant Stanton Nursing Center failed to provide Plaintiff with her medications in a form that Plaintiff could ingest.

36.     Defendant Stanton Nursing Center failed to notify Plaintiff's co-guardians when Plaintiff failed to take her medication or when medications were changed.

37.     Plaintiff was, many times, left in her bed wearing nothing but her adult diaper and otherwise unsuitably clothed.

38.     Defendant Stanton Nursing Center failed to properly diagnose, treat, manage and/or prevent Plaintiff's cardiovascular problems which were one of the causes of her hospitalization.

39.     Prior to being admitted at Defendant Stanton Nursing Center, Plaintiff did not suffer from cardiovascular conditions.

40.     As a result of Nursing Home Defendants improper care and/or oversight, Plaintiff developed these heart conditions and/or the conditions became exacerbated.

41.     While under the care and control of Nursing Home Defendants, Plaintiff suffered from multiple urinary tract infections, which went untreated by Defendant Nursing Home.

42.     While under the care and/or control of Nursing Home Defendants, Plaintiff suffered from sepsis, which went untreated.

43.     Plaintiff's family members repeatedly brought these suspected urinary tract infections and infirmities to Defendant Stanton Nursing Center's attention, but Nursing Home Defendants failed to provide proper care and assistance in either addressing or caring for these infections.

44.     As a result of Nursing Home Defendants' failure to properly address Plaintiff's medical conditions, Plaintiff's medical condition greatly deteriorated and she had to be hospitalized and nearly died.

45.     As a result of Nursing Home Defendants' failure to properly address Plaintiff's medical conditions, Powell County Ambulance Service was called to pick-up Plaintiff and take her to the hospital.

46.     When the EMT's from Powell County Ambulance Service arrived to treat Plaintiff and take her to Clark Regional, Defendant Stanton Nursing Center failed to provide any assistance to the EMT's and were otherwise uncooperative.

47.     When the EMT's arrived at Defendant Stanton Nursing Center, none of the nursing staff or aids were caring for Plaintiff.

48.      When the EMT's arrived at Defendant Stanton Nursing Center, the nurses and aids failed to provide any diagnostic information regarding Plaintiff's condition or otherwise help the EMT's in caring for Plaintiff.

49.      While in the ambulance, Plaintiff had to be administered multiple electronic shocks to her heart because her heart was beating at only 30 beats per minute and she was on the verge of death.

50.      As a result of Plaintiff's dire medical condition, the EMT's took her to an airfield to be airlifted to the University of Kentucky Hospital ("UK Hospital").

51.      UK Hospital diagnosed Plaintiff with, among other things, two (2) different bacterial infections, sepsis, pressure ulcers, eschar, bradycardia, heart murmur and a leaky heart valve.

52.      Nursing Home Defendants failed to provide the proper care and oversight in diagnosing, preventing and/or managing these conditions.

53.      Nursing Home Defendants failed to provide the proper care and/or oversight in treating these conditions.

54.      As a result of Nursing Home Defendants' failures, Plaintiff nearly died on several occasions.

55.      Plaintiff spent several days in the intensive care unit at UK Hospital and several days at Good Samaritan.

56.      After being transported from UK Hospital to the Wolfe County Nursing Home, Plaintiff continued to suffer from the conditions diagnosed and treated by UK Hospital and which Nursing Home Defendants failed to diagnose, treat, prevent and/or manage.

57.      After being admitted at Wolf County Nursing Home, Plaintiff had to be taken to the Kentucky River Medical Center in Jackson, Kentucky, on multiple occasions for additional

treatment due to Plaintiff's infections which were not properly diagnosed, treated, prevented and/or managed at Defendant Stanton Nursing Center.

58.     As a result of Plaintiff's heart suffering irreversible damage due to Defendant Nursing Home's failures to properly care for Plaintiff, Kentucky River Medical Center installed an emergency pacemaker in Plaintiff after her heart began beating at only twenty (20) beats per minute.

59.     As a result of Plaintiff's heart suffering irreversible damage due to Nursing Home Defendants' failures in Plaintiff's care, Kentucky River Medical Center subsequently installed a permanent pacemaker.

60.     Due to the wrongful conduct of the Nursing Home Defendants, Plaintiff suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, including, but not limited to, malnutrition, dehydration, diseased teeth and gums, pressure ulcers, eschars, urinary tract infections, sepsis, bradycardia, heart murmur, a leaky heart valve and having to endure being administered numerous electric shocks to her body.

61.     Due to Defendant Nursing Home's wrongful conduct, Plaintiff also suffered loss of dignity, degradation, pain and suffering (past, present and future), emotional distress and hospitalizations.


## CAUSES OF ACTION

### COUNT I

### NEGLIGENCE OF NURSING HOME DEFENDANTS

62.     Plaintiff affirms and re-alleges each and every preceding paragraph.

63.     Nursing Home Defendants owed certain non-delegable duties directly and vicariously to Plaintiff, including providing the required oversight, management and control over Stanton

Nursing Center and to provide the proper oversight, care, treatment and services directly to Plaintiff, including, but not limited to, providing sufficient medical attention and services, providing sufficient nursing attention and services, providing for Plaintiff's dietary, hygienic, skin and cardiovascular needs, providing sufficient number of staffing, to select and retain only competent staff members, to oversee all persons who provide services to Plaintiff, and formulating, adopting and enforcing of adequate rules and policies to ensure quality care for Plaintiff.

64.     Nursing Home Defendants breached these duties by failing to provide the required oversight, management and control over Stanton Nursing Center and in failing to provide the proper oversight, care, treatment and services to Plaintiff, by, among other things, allowing and/or causing Plaintiff to suffer from malnutrition, dehydration, recurrent skin breakdowns, contractures, recurrent urinary tract infections, cardiovascular problems, diseased teeth and gums, preventable conditions, and by failing to provide sufficient medical attention and services, sufficient nursing attention and services, failing to provide for her dietary, hygienic, skin and cardiovascular needs, failing to provide sufficient number of staffing, failing to select and retain only competent staff members, failing to oversee all persons who provide services to Plaintiff and failing to formulate, adopt and enforce adequate rules and policies to ensure quality care for Plaintiff.

65.     Due to Defendants' wrongful conduct, Plaintiff also suffered loss of dignity, degradation, pain and suffering, emotional distress, and hospitalizations.

66.     Nursing Home Defendants are directly and vicariously liable to Plaintiff because they are responsible for damages caused by the acts of their agents, including Stanton Nursing Center, which was acting on behalf of and pursuant to the authority of Nursing Home Defendants.

<u>COUNT II</u>

<u>PUNITIVE DAMAGES</u>

12

67.     Plaintiff affirms and re-alleges each and every preceding paragraph.

68.     Nursing Home Defendants acted with oppression, fraud and/or malice in failing to provide the required oversight, management and control over Stanton Nursing Center and in failing to provide the proper oversight, care, treatment and services to Plaintiff by, among other things, allowing and/or causing Plaintiff to suffer from malnutrition, dehydration, recurrent skin breakdowns, contractures, recurrent urinary tract infections, cardiovascular problems, diseased teeth and gums, preventable conditions, and by failing to provide sufficient medical attention and services, sufficient nursing attention and services, failing to provide for her dietary, hygienic, skin and cardiovascular needs, failing to provide sufficient number of staffing, failing to select and retain only competent staff members, failing to oversee all persons who provide services to Plaintiff and failing to formulate, adopt and enforce adequate rules and policies to ensure quality care for Plaintiff.

69.      Nursing Home Defendants' conduct was intentional or was carried out with reckless disregard to Plaintiff's rights.

70.     Nursing Home Defendants should be punished for their conduct.

<u>COUNT III</u>

<u>NURSING HOME DEFENDANTS' MEDICAL NEGLIGENCE</u>

71.     Plaintiff affirms and re-alleges each and every preceding paragraph.

72.     Nursing Home Defendants had a duty to Plaintiff to provide services meeting the standard of professional medical care and services that a reasonably competent nursing facility acting under the same or similar circumstances would provide.

73.     Nursing Home Defendants failed to meet the applicable standard of care by, among other things, failing to provide timely treatment or care for Plaintiff's recurrent skin breakdowns,

malnutrition, dehydration, contractures, recurrent urinary tract infections, cardiovascular problems, which are preventable and/or treatable conditions.

74.     Nursing Home Defendants failed to meet the applicable standard of care by, among other things, failing to have adequate nursing and care plans, failing to perform timely assessments of Plaintiff's health conditions, failing to adequately monitor Plaintiff's health, and failing to notify her treating physician of Plaintiff's changing health conditions,.

75.     Nursing Home Defendants further failed to meet the applicable standard by, among other things, failing to have adequate staffing levels at Stanton Nursing Center, failing to hire and retain competent personnel to care for, and to treat, Plaintiff, and failing to properly train staff and other personnel.

76.     Nursing Home Defendants' breaches of their applicable standards of care were the proximate cause of, or a substantial factor in, bringing about the harm Plaintiff suffered, including her death.

77.     As a result of these breaches of care, Plaintiff suffered compensable injuries, including bodily injuries, pain and suffering, emotional distress, loss of dignity, degradation, and hospitalizations.

<u>COUNT IV</u>

<u>PUNITIVE DAMAGES</u>

78.     Plaintiff affirms and re-alleges each and every preceding paragraph.

79.      Nursing Home Defendants acted with oppression, fraud and/or malice in failing to provide the required oversight, management and control over Stanton Nursing Center and in failing to provide the proper oversight, care, treatment and services to Plaintiff by, among other things, allowing and/or causing Plaintiff to suffer from malnutrition, dehydration, recurrent skin

breakdowns, contractures, recurrent urinary tract infections, cardiovascular problems, diseased teeth and gums, preventable conditions, and by failing to provide sufficient medical attention and services, sufficient nursing attention and services, failing to provide for her dietary, hygienic, skin and cardiovascular needs, failing to provide sufficient number of staffing, failing to select and retain only competent staff members, failing to oversee all persons who provide services to Plaintiff and failing to formulate, adopt and enforce adequate rules and policies to ensure quality care for Plaintiff.

80.     Nursing Home Defendants' conduct was intentional or was carried out with reckless disregard to Plaintiff's rights.

81.     Nursing Home Defendants should be punished for their conduct.

<u>COUNT V</u>

<u>CORPORATE NEGLIGENCE</u>

82.     Plaintiff affirms and re-alleges each and every preceding paragraph.

83.     Nursing Home Defendants owed certain non-delegable duties directly and vicariously to Plaintiff, including providing the required oversight, management and control over Stanton Nursing Center and to provide the proper oversight, care, treatment and services directly to Plaintiff, including, but not limited to, providing sufficient medical attention and services, providing sufficient nursing attention and services, providing for Plaintiff's dietary, hygienic, skin and cardiovascular needs, providing sufficient number of staffing, to select and retain only competent staff members, to oversee all persons who provide services to Plaintiff, and formulating, adopting and enforcing of adequate rules and policies to ensure quality care for Plaintiff.

84.     Nursing Home Defendants breached these duties by failing to provide the required oversight, management and control over Stanton Nursing Center and in failing to provide the

15

proper oversight, care, treatment and services to Plaintiff, by, among other things, allowing and/or causing Plaintiff to suffer from malnutrition, dehydration, recurrent skin breakdowns, contractures, recurrent urinary tract infections, cardiovascular problems, diseased teeth and gums, preventable conditions, and by failing to provide sufficient medical attention and services, sufficient nursing attention and services, failing to provide for her dietary, hygienic, skin and cardiovascular needs, failing to provide sufficient number of staffing, failing to select and retain only competent staff members, failing to oversee all persons who provide services to Plaintiff and failing to formulate, adopt and enforce adequate rules and policies to ensure quality care for Plaintiff.

85.   The Nursing Home Defendants' breaches of their applicable standards of care were the direct and proximate cause of bringing about the harm Plaintiff suffered.

86.   As a result of these breaches of care, Plaintiff suffered compensable injuries, including bodily injuries, pain and suffering, emotional distress, loss of dignity, degradation, and hospitalizations.

87.   Nursing Home Defendants are not only directly liable for the harm caused but also vicariously liable to Plaintiff because they are responsible for damages caused by the acts of their agents, including Defendant Stanton Nursing Center, which was acting on behalf of and pursuant to the authority of Nursing Home Defendants.

COUNT VI

PUNITIVE DAMAGES

88.   Plaintiff affirms and re-alleges each and every preceding paragraph.

89.   Nursing Home Defendants acted with oppression, fraud and/or malice in failing to provide the required oversight, management and control over Stanton Nursing Center and in failing to provide the proper oversight, care, treatment and services to Plaintiff by, among other things,

16

allowing and/or causing Plaintiff to suffer from malnutrition, dehydration, recurrent skin breakdowns, contractures, recurrent urinary tract infections, cardiovascular problems, diseased teeth and gums, preventable conditions, and by failing to provide sufficient medical attention and services, sufficient nursing attention and services, failing to provide for her dietary, hygienic, skin and cardiovascular needs, failing to provide sufficient number of staffing, failing to select and retain only competent staff members, failing to oversee all persons who provide services to Plaintiff and failing to formulate, adopt and enforce adequate rules and policies to ensure quality care for Plaintiff.

90.     Nursing Home Defendants' conduct was intentional or carried out with reckless disregard to Plaintiff's rights.

91.     Nursing Home Defendants should be punished for their conduct.

<u>COUNT VII</u>

<u>NURSING HOME DEFENDANTS' VICARIOUS LIABILITY</u>

92.     Plaintiff affirms and re-alleges each and every preceding paragraph.

93.     Nursing Home Defendants are vicariously liable to Plaintiff because they are principals of Defendant Stanton Nursing Center who exerted some form of ownership, partnership, control and/or management of their agents Defendant Stanton Nursing Center, and based on that relationship they are liable for the acts of their agent.

94.     Nursing Home Defendants are vicariously liable to Plaintiff because they are responsible for damages caused by the acts of their agents, including Stanton Nursing Center, which was acting on behalf of and pursuant to the authority of Nursing Home Defendants.

95.     Based on their vicarious liability, Nursing Home Defendants are liable for the compensable harm Plaintiff suffered, including bodily injuries, pain and suffering, emotional distress, loss of dignity, degradation, and hospitalizations.

<u>COUNT VIII</u>

<u>NURSING HOME DEFENDANTS' VIOLATIONS OF KRS §§ 216.515 AND 216.520</u>

96.     Plaintiff affirms and re-alleges each and every preceding paragraph.

97.     Nursing Home Defendants owed Plaintiff affirmative non-delegable duties under KRS §§ 216.515 and 216.520.

98.     Nursing Home Defendants breached these duties by failing to provide the required oversight, management and control over Stanton Nursing Center and in failing to provide the proper oversight, care, treatment and services to Plaintiff, by, among other things, allowing and/or causing Plaintiff to suffer from malnutrition, dehydration, recurrent skin breakdowns, contractures, recurrent urinary tract infections, cardiovascular problems, diseased teeth and gums, preventable conditions, and by failing to provide sufficient medical attention and services, sufficient nursing attention and services, failing to provide for her dietary, hygienic, skin and cardiovascular needs, failing to provide sufficient number of staffing, failing to select and retain only competent staff members, failing to oversee all persons who provide services to Plaintiff and failing to formulate, adopt and enforce adequate rules and policies to ensure quality care for Plaintiff.

99.     Nursing Home Defendants generally breached these duties by failing to keep Plaintiff free from mental and physical abuse, failing to treat Plaintiff with consideration, respect and full recognition of her dignity and individuality, failing to have Plaintiff suitably dressed at all times and given assistance when needed in maintaining body hygiene and good grooming, failing to develop and implement a mechanism which would allow Plaintiff to participate in the planning of

18

her care and failing to provide appropriate staff training to implement each of her residents' rights as defined in KRS §§ 216.515 to 216.525.

100.    The Nursing Home Defendants' violations of KRS §§ 216.515 to 216.525 were the direct and proximate cause of bringing about the harm Plaintiff suffered.

101.    As a result of violations of KRS §§ 216.515 to 216.525, Plaintiff suffered compensable injuries, including bodily injuries, pain and suffering, emotional distress, loss of dignity, degradation, and hospitalizations.

102.    As a result of Defendant Nursing Home's breaches of KRS §§ 216.515 to 216.525, Plaintiff is entitled to recover actual and punitive damages as well as reasonable attorney's fees and costs of the action.

<u>COUNT IX</u>

<u>PUNITIVE DAMGES FOR NURSING HOME DEFENDANTS'<br>VIOLATIONS OF KRS §§ 216.515 AND 216.520</u>

103.    Plaintiff affirms and re-alleges each and every preceding paragraph.

104.    Nursing Home Defendants violated KRS §§ 216.515 to 216.525 by failing to keep Plaintiff free from mental and physical abuse, failing to treat Plaintiff with consideration, respect and full recognition of her dignity and individuality, failing to have Plaintiff suitably dressed at all times and given assistance when needed in maintaining body hygiene and good grooming, failing to develop and implement a mechanism which would allow Plaintiff to participate in the planning of her care and failing to provide appropriate staff training to implement each of her residents' rights as defined in KRS §§ 216.515 to 216.525.

105.    Nursing Home Defendants acted with oppression, fraud and/or malice in violating KRS § 216.515.

106.    Nursing Home Defendants' conduct was intentional or carried out with reckless disregard to Plaintiff's rights.

107.    As a result of these breaches and pursuant to KRS § 216.515, Plaintiff is entitled to recover punitive damages from Nursing Home Defendants.

<u>COUNT X</u>

<u>ATTORNEY'S FEES FOR DEFENDANT NURSING HOME'S</u>
<u>VIOLATIONS OF KRS §§ 216.515 AND 216.520</u>

108.    Plaintiff affirms and re-alleges each and every preceding paragraph.

109.    Nursing Home Defendants violated KRS §§ 216.515 to 216.525 by failing to keep Plaintiff free from mental and physical abuse, failing to treat Plaintiff with consideration, respect and full recognition of her dignity and individuality, failing to have Plaintiff suitably dressed at all times and given assistance when needed in maintaining body hygiene and good grooming, failing to develop and implement a mechanism which would allow Plaintiff to participate in the planning of her care and failing to provide appropriate staff training to implement each of her residents' rights as defined in KRS §§ 216.515 to 216.525.

110.    As a result of these breaches, Plaintiff is entitled by statute to recover reasonable attorney's fees and costs from Nursing Home Defendants.

<u>COUNT XI</u>

<u>DEFENDANT NURSING HOME'S VIOLATIONS OF 902 KAR 20:300</u>

111.    Plaintiff affirms and re-alleges each and every preceding paragraph.

112.    Nursing Home Defendants owed Plaintiff affirmative non-delegable duties under 902 KAR 20:300.

113.    Nursing Home Defendants breached these duties by failing to provide the required oversight, management and control over Stanton Nursing Center and in failing to provide the

20

proper oversight, care, treatment and services to Plaintiff, by, among other things, allowing and/or causing Plaintiff to suffer from malnutrition, dehydration, recurrent skin breakdowns, contractures, recurrent urinary tract infections, cardiovascular problems, diseased teeth and gums, preventable conditions, and by failing to provide sufficient medical attention and services, sufficient nursing attention and services, failing to provide for her dietary, hygienic, skin and cardiovascular needs, failing to provide sufficient number of staffing, failing to select and retain only competent staff members, failing to oversee all persons who provide services to Plaintiff and failing to formulate, adopt and enforce adequate rules and policies to ensure quality care for Plaintiff.

114.    Defendant Nursing Home generally breached these duties by knowingly endangering Plaintiff's welfare which caused her physical and mental injuries, failing to allow Plaintiff to lead a dignified existence and to be free from physical and mental abuse, failing to care for Plaintiff in a manner and in an environment that promotes maintenance or enhancement of her quality of life, failing to develop and implement comprehensive care plans which are periodically reviewed and revised by a team of qualified persons, failing to provide Plaintiff with quality of care, including the necessary nursing and medical services to attain and maintain the highest possible mental and physical functional status, failing to ensure Plaintiff is properly bathed, dressed, groomed and fed, failing to ensure Plaintiff received the necessary services to maintain good nutrition, grooming and personal and oral hygiene, failing to ensure Plaintiff did not develop pressure ulcers while a resident and failing to provide the necessary treatment and services to promote healing, prevent infection and prevent new sores from developing, diagnosing, preventing and/or managing Plaintiff's cardiovascular problems, allowing Plaintiff to experience a reduction in her range of motion due to the development of contractures which were caused by being left in her wheelchair for countless hours, failing to ensure Plaintiff maintained acceptable parameters of nutritional

status, such as body weight and protein levels, failing to ensure Plaintiff received a therapeutic diet, failing to ensure Plaintiff was properly hydrated, failing to have adequate nursing services, failing to provide Plaintiff with food that is nourishing, well-balanced and that meets her daily nutritional and special dietary needs; failing to provide a facility that is administered in a manner that enables it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident, including Plaintiff, and failing to maintain clinical records for Plaintiff which are complete, accurately documented and systematically organized.

115.    The Nursing Home Defendants' violations of 902 KAR 20:300 were the direct and proximate cause of bringing about the harm Plaintiff suffered.

116.    As a result of violations of 902 KAR 20:300, Plaintiff suffered compensable injuries, including bodily injuries, pain and suffering, emotional distress, loss of dignity, degradation, and hospitalizations.

COUNT XII

NURSING HOME DEFENDANTS' VIOLATIONS OF 902 KAR 20:048

117.    Plaintiff affirms and re-alleges each and every preceding paragraph.

118.    Nursing Home Defendants owed Plaintiff affirmative duties under 902 KAR 20:048.

119.    Nursing Home Defendants breached these duties by failing to provide the required oversight, management and control over Stanton Nursing Center and in failing to provide the proper oversight, care, treatment and services to Plaintiff, by, among other things, allowing and/or causing Plaintiff to suffer from malnutrition, dehydration, recurrent skin breakdowns, contractures, recurrent urinary tract infections, cardiovascular problems, diseased teeth and gums, preventable conditions, and by failing to provide sufficient medical attention and services, sufficient nursing

22

attention and services, failing to provide for her dietary, hygienic, skin and cardiovascular needs, failing to provide sufficient number of staffing, failing to select and retain only competent staff members, failing to oversee all persons who provide services to Plaintiff and failing to formulate, adopt and enforce adequate rules and policies to ensure quality care for Plaintiff.

120.    Nursing Home Defendants generally breached these duties by failing to have the staff necessary to provide property twenty-four (24) hour care to its residents, like Plaintiff, failing to have the staff necessary to be on duty and be awake at all times to ensure prompt, appropriate action in cases of injury or illness, failing to have a properly trained and competent director of nursing, failing to develop or maintain a system of record keeping to insure completeness of Plaintiff's file, failing to have the staff necessary to provide property twenty-four (24) hour care to its residents, like Plaintiff, failing to have sufficient staff to provide proper treatments, medications and dietary needs to Plaintiff, failing to have sufficient staff to provide Plaintiff with the kindness and respect she deserves as a human being, failing to have proper nursing care plans in place and in failing to revise or modify those plans as necessary to care for Plaintiff, and failing to have staff members and nurses responsible for Plaintiff's care who confer frequently and in failing to evidence their working relationship.

121.    The Nursing Home Defendants' violations of 902 KAR 20:300 were the direct and proximate cause of bringing about the harm Plaintiff suffered.

122.    As a result of violations of 902 KAR 20:048, Plaintiff suffered compensable injuries, including bodily injuries, pain and suffering, emotional distress, loss of dignity, degradation, and hospitalizations.

## COUNT XIII

### DEFENDANT NURSING HOME'S VIOLATIONS OF KRS § 530.080

123.    Plaintiff affirms and re-alleges each and every preceding paragraph.

124.    Nursing Home Defendants knowingly endangered Plaintiff's welfare by failing to provide the required oversight, management and control over Stanton Nursing Center and in failing to provide the proper oversight, care, treatment and services to Plaintiff, by, among other things, allowing and/or causing Plaintiff to suffer from malnutrition, dehydration, recurrent skin breakdowns, contractures, recurrent urinary tract infections, cardiovascular problems, diseased teeth and gums, preventable conditions, and by failing to provide sufficient medical attention and services, sufficient nursing attention and services, failing to provide for her dietary, hygienic, skin and cardiovascular needs, failing to provide sufficient number of staffing, failing to select and retain only competent staff members, failing to oversee all persons who provide services to Plaintiff and failing to formulate, adopt and enforce adequate rules and policies to ensure quality care for Plaintiff.

125.    As a direct and proximate cause of Nursing Home Defendants endangering Plaintiff's welfare, Plaintiff suffered compensable injuries, including bodily injuries, pain and suffering, emotional distress, loss of dignity, degradation, and hospitalizations.

126.    By committing these acts, Nursing Home Defendants violated KRS § 530.080, which is a Class A misdemeanor.

127.    Pursuant to KRS § 446.070, Plaintiff is entitled to recover damages as a result of Nursing Home Defendants' violations of KRS § 530.080.

## COUNT XIV

## PUNITIVE DAMAGES

128.    Plaintiff affirms and re-alleges each and every preceding paragraph.

129.    Nursing Home Defendants acted with oppression, fraud and/or malice in failing to provide the required oversight, management and control over Stanton Nursing Center and in failing to provide the proper oversight, care, treatment and services to Plaintiff by, among other things, allowing and/or causing Plaintiff to suffer from malnutrition, dehydration, recurrent skin breakdowns, contractures, recurrent urinary tract infections, cardiovascular problems, diseased teeth and gums, preventable conditions, and by failing to provide sufficient medical attention and services, sufficient nursing attention and services, failing to provide for her dietary, hygienic, skin and cardiovascular needs, failing to provide sufficient number of staffing, failing to select and retain only competent staff members, failing to oversee all persons who provide services to Plaintiff and failing to formulate, adopt and enforce adequate rules and policies to ensure quality care for Plaintiff.

130.    Nursing Home Defendants' conduct was intentional or carried out with reckless disregard to Plaintiff's rights.

131.    Nursing Home Defendants should be punished for their conduct.

## COUNT XV

## BREACH OF CONTRACT

132.    Plaintiff affirms and re-alleges each and every preceding paragraph.

133.    Nursing Home Defendants and Plaintiff entered into a contract whereby Nursing Home Defendants agreed to provide services to Plaintiff.

25

134.    Nursing Home Defendants breached the terms of that agreement by failing to provide adequate care and services to Plaintiff.

135.    Plaintiff fulfilled her obligations under the contract and did not prevent Nursing Home Defendants from carrying out their duties.

136.    As a result of Nursing Home Defendants' breaches of contract, Plaintiff suffered compensable injuries, including bodily injuries, pain and suffering, emotional distress, loss of dignity, degradation, and hospitalizations.

<u>COUNT XVI</u>

<u>INTENTIONAL/RECKLESS INFLICTION OF EMOTIONAL DISTRESS</u>

137.    Plaintiff affirms and re-alleges each and every preceding paragraph.

138.    Nursing Home Defendants intentionally and/or recklessly engaged in the conduct of intentionally or recklessly causing Plaintiff to suffer severe emotional distress by, among other things, allowing and/or causing Plaintiff to suffer from malnutrition, dehydration, recurrent skin breakdowns, contractures, recurrent urinary tract infections, cardiovascular problems, diseased teeth and gums, preventable conditions, and by failing to provide sufficient medical attention and services, sufficient nursing attention and services, failing to provide for her dietary, hygienic, skin and cardiovascular needs, failing to provide sufficient number of staffing, failing to select and retain only competent staff members, failing to oversee all persons who provide services to Plaintiff and failing to formulate, adopt and enforce adequate rules and policies to ensure quality care for Plaintiff.

139.    Nursing Home Defendants' conduct is outrageous and intolerable because it offends against the generally accepted standards of decency and morality.

140.    As a direct result of Nursing Home Defendants' conduct, Plaintiff suffered emotional distress.

141.    The emotional distress suffered by Plaintiff was severe.

<u>COUNT XVII</u>

<u>PUNITIVE DAMAGES FOR DEFENDANT NURSING HOME
INTENTIONALLY AND/OR RECKLESSLY INFLICTING EMOTIONAL
DISTRESS ON PLAINTIFF</u>

142.    Plaintiff affirms and re-alleges each and every preceding paragraph.

143.    Nursing Home Defendants acted with oppression, fraud and/or malice in inflicting emotion harm on Plaintiff.

144.    Nursing Home Defendants' conduct was intentional or carried out with reckless disregard to Plaintiff's rights.

145.    Nursing Home Defendants should be punished for their conduct.

<u>COUNT XVIII</u>

<u>NURSING HOME DEFENDANTS' VIOLATIONS OF THE
KENTUCKY CONSUMER PROTECTION ACT</u>

146.    Plaintiff affirms and re-alleges each and every preceding paragraph.

147.    Nursing Home Defendants engage in the business of providing nursing services to individuals like Plaintiff.

148.    In the course of its business, Nursing Home Defendants provided services to Plaintiff.

149.    Nursing Home Defendants' services were provided primarily for personal reasons.

150.    Nursing Home Defendants engaged in unfair, false, misleading and deceptive trade practices connected to the personal services it provided Plaintiff by failing to provide those essential services.

151.    As a direct and proximate cause of Nursing Home Defendants unfair, false, misleading and deceptive trade practices, Plaintiff suffered compensable injuries, including bodily injuries, pain and suffering, emotional distress, loss of dignity, degradation, and hospitalizations.

152.    As a result of Nursing Home Defendants' violations of the Kentucky Consumer Protection Act, Plaintiff is entitled to recover punitive damages, reasonable attorney's fees and costs.

<u>COUNT XIX</u>

<u>PUNITIVE DAMAGES FOR NURSING HOME DEFENDANTS' VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT</u>

153.    Plaintiff affirms and re-alleges each and every preceding paragraph.

154.    Nursing Home Defendants acted with oppression, fraud and/or malice in failing to provide the required oversight, management and control over Stanton Nursing Center and in failing to provide the proper oversight, care, treatment and services to Plaintiff by, among other things, allowing and/or causing Plaintiff to suffer from malnutrition, dehydration, recurrent skin breakdowns, contractures, recurrent urinary tract infections, cardiovascular problems, diseased teeth and gums, preventable conditions, and by failing to provide sufficient medical attention and services, sufficient nursing attention and services, failing to provide for her dietary, hygienic, skin and cardiovascular needs, failing to provide sufficient number of staffing, failing to select and retain only competent staff members, failing to oversee all persons who provide services to Plaintiff and failing to formulate, adopt and enforce adequate rules and policies to ensure quality care for Plaintiff.

155.     Nursing Home Defendants' conduct was intentional or carried out with reckless disregard to Plaintiff's rights.

156.    Nursing Home Defendants should be punished for their conduct.

<u>COUNT XX</u>

<u>ATTORNEY'S FEES FOR NURSING HOME DEFENDANTS'
VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT</u>

157.     Plaintiff affirms and re-alleges each and every preceding paragraph.

158.     Nursing Home Defendants violated the Kentucky Consumer Protection Act by engaging in unfair, false, misleading and deceptive acts connected to its failure to provide the services to Plaintiff which it promised to provide.

159.     As a result of these breaches and pursuant to KRS 367.220(3), Plaintiff is entitled to recover reasonable attorney's fees and costs from Nursing Home Defendants

         WHEREFORE, Plaintiff respectfully requests the following relief:

         (A)     A judgment in her favor on all counts of her Complaint;

         (B)     A monetary award for all of Plaintiff's damages, including physical injuries, emotional distress, pain and suffering, loss of dignity, degradation, and hospitalizations;

         (C)     A monetary award of punitive damages to punish Nursing Home Defendants' for their egregious conduct, which are recoverable pursuant to KRS §§ 216.515 and 411.184;

         (D)     An award of all attorney's fees and costs associated with this action which are recoverable pursuant to KRS §§ 216.515 and 367.220;

         (E)     An award of pre-judgment interest at the maximum legal rate on the amounts Nursing Home Defendants are adjudicated to owe Plaintiff;

         (F)     An award of post-judgment interest at the maximum legal rate on all amounts Nursing Home Defendants are adjudicated to owe Plaintiff; and

         (G)     Any and all other relief to which it appears Plaintiff is entitled.

**MILLER, GRIFFIN & MARKS, P.S.C.**

271 W. Short Street, Suite 600
Lexington, Kentucky 40507
Telephone: (859) 255-6676
Facsimile:(859) 259-1562


By:     */s/ Elliott C. Miller, Esq.*
        ELLIOTT C. MILLER
        DON A. PISACANO
        ELIZABETH C. WOODFORD

        ATTORNEYS FOR PLAINTIF


## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served electronically via CM/ECF and email, on the 22nd day of December, 2015, to the following attorneys of record:

Donald L. Miller, Esq.                    Robert Duncan, Esq., Arbiter
dmiller@qpwblaw.com                       rduncan@jacksonkelly.com
Peter Cassidy, III, Esq.                  Jackson Kelly, PLLC
pcassidy@qpwblaw.com                      175 East Main Street, Suite 500
Matthew C. Cocanougher, Esq.              Lexington, KY 40507
mcocanougher@qpqblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
2452 Sir Barton Way, Suite 300
Lexington, KY 40509
Attorneys for Stanton Nursing Center

                                          */s/ Elliott C. Miller, Esq.*
                                          ATTORNEY FOR PLAINTIFF


f:\share\em\brandenburg, juanita\first amd complaint.us district court 12.22.15.docx